IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02102–CMA–KMT

BEACH DP, LLC, a Colorado limited liability company,
ROCKY MOUNTAIN FUEL, INC., a Colorado company, and
CHRISTOPHER FRYE, a resident of Colorado,

    Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION,
Receiver for New Frontier Bank,

    Defendant.

---

# ORDER

---

    This matter is before the court on Plaintiffs' "Motion for Leave to Amend Complaint." (Doc. No. 28, filed January 28, 2011.)  Plaintiffs seek to add a claim against 2010-1 RADC/CADC Venture, LLC, a new defendant.  Defendant Federal Deposit Insurance Corporation as Receiver for New Frontier Bank (FDIC-R) takes no position on the amendment.

    Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires."  *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

The deadline for amending the pleadings was January 31, 2011. (Doc. No. 23, filed December 9, 2010.) Plaintiffs' present Motion—filed January 28, 2011—is timely. Further, the case is still in the early stages of litigation. Moreover, because the proposed amendments do not alter the claims against FDIC-R, the Amended Complaint will not impact the arguments already before the court on FDIC-R's motion to dismiss. Upon review of the proposed Amended Complaint and the Motion, the court finds there has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is **ORDERED**

Plaintiffs' "Motion for Leave to Amend Complaint" (Doc. No. 28) is GRANTED. Plaintiffs shall re-file their "Addendum A Amended Complaint and Jury Demand" as an

Amended Complaint no later than February 9, 2011.

Dated this 7th day of February, 2011.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge